## Sebree v. Crutchfield's Admr., et al.

(Decided January 31, 1912.)

Appeal from Scott Circuit Court.

Contracts of a Person of Unsound Mind.—Where a person of unsound mind gave her note and executed a mortgage to secure the same, she was liable upon said note to the extent that the proceeds thereof were used for her benefit, or the benefit of her estate.

J. C. B. SEBREE for appellant.

BRADLEY & BRADLEY and B. M. LEE for appellees.

OPINION OF THE COURT BY JUDGE MILLER—Reversing.

Appellant, J. C. B. Sebree, instituted this action against the administrator and devisees of Elizabeth Tomlinson to recover $800, represented by her two notes, one for $700 and the other for $100, given in 1908 to John W. Hall, and assigned by him to appellant. The note for $700 was secured by a mortgage; and although the other note is called a mortgage note, it was given some two months after the mortgage had been given.

The defense is that Elizabeth Tomlinson, who was then about 85 years of age, and had been bed-ridden for many years, did not have sufficient mental capacity to know what she was doing when she signed the notes and mortgage.

In 1907, appellant as attorney for Elizabeth Tomlinson, had instituted a suit against E. H. Wise for the purpose of having her deed to Wise for her farm construed to be a mortgage, upon the ground that she had been overreached owing to her extreme age and weakness of mind and body. The suit with Wise was compromised for $285; and to raise that sum, and $100 attorney's fee for appellant, and as claimed by appellant, to raise some additional money to improve the house and stock the farm, the notes for $800 were given to Hall, and by him assigned to appellant, who loaned the money.

The chancellor found that Elizabeth Tomlinson was incompetent when she made the notes and mortgage, and that Hall and appellant knew that fact; that only the $285 paid to Wise and the $100 attorney's fee was paid out for Elizabeth Tomlinson's benefit, and he, therefore, gave appellant judgment and a lien for the $285

paid to Wise, and $100 attorney's fees in the Wise case. Appellant appeals, complaining that he should have had judgment for the entire $800.

The only issue was this: Did Elizabeth Tomlinson have sufficient mental capacity at the time she executed the notes and mortgage to know what she was doing?

In support of the negative side of the proposition, appellees produced five witnesses, A. G. Sebree, B. F. Baldwin, Theodore Devers, the County Assessor, T. S. Tomlinson and Dr. P. H. Crutchfield, the family physician; while the plaintiff supported his side of the issue by three witnesses, John W. Hall, E. H. Wise and Dr. R. B. Gwinn.

In view of the fact that Mrs. Tomlinson was about 85 years of age; was so infirm or uneducated that she executed the notes by making her mark; that appellant, as her attorney, had sworn to her petition in the suit against Wise in 1907 that she was then, in fact, non compos mentis, and the weight of the testimony which is decidedly with appellees, we do not hesitate to approve the conclusion reached by the chancellor as to the state of Mrs. Tomlinson's mind. Her estate is liable, however, to the extent it received the benefit of the proceeds of the notes. Appellant is not an innocent holder of the notes, since he was the real lender of the money. Hall was a man without property, and it is perfectly apparent that his name as maker of the notes was used merely for appellant's convenience. Under this state of facts Mrs. Tomlinson was liable, in no state of case, for any more of the money than was used for her benefit; beyond that amount the notes were without consideration.

We think, however, it is clear from the evidence, that in addition to the $285 paid to Wise, and the $100 fee, Mrs. Tomlinson's estate should be charged with $100 which A. G. Sebree admits he received out of the proceeds of her $100 note, in the shape of $25 in cash, and a cow and three hogs. A. G. Sebree lived with Mrs. Tomlinson upon her farm, conducted it for her, was her man of business in that respect, and the devisee of the farm under her will. And, although he says he received the proceeds of the smaller note, we understand him to mean that he received that sum from Mrs. Tomlinson, and he undoubtedly used it for her benefit. Hall says that all of the balance after paying Wise and the attorney's fee, was used in betterments for the farm, but he produces

no receipts therefor, and the chancellor properly rejected that portion of the claim.

The judgment of the chancellor is, therefore, reversed, with instructions to award plaintiff a judgment and lien for $385, with interest from March 19, 1908, and a judgment for the further sum of $100, with interest from May 8, 1908.